AMERICAN RAILWAY EXPRESS COMPANY v. COLLINS.

## Opinion delivered June 21, 1920.

CARRIERS—TRANSPORTATION AND DELIVERY—JURY QUESTIONS.—In an action against an express company for loss of the effects of plaintiff's deceased son, alleged to have been delivered to the company by the Navy Department, an itemized list of the articles shipped by the Navy Department sent by such department to plaintiff by mail, together with a bill of lading showing that the department had delivered to the company a package to be delivered to plaintiff, was sufficient to justify a finding that the items of the list were delivered to the company for shipment, and where some of the items were missing from the package delivered to plaintiff, whether the company tendered the same package that was delivered to it *held* for the jury.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*Davis & Bohlinger,* for appellant.

The trial court should have granted appellant's motion for a directed verdict, as there was no evidence for a jury. 14 R. C. L. 747; 132 Ark. 54.

*John B. Crownover,* for appellee (no brief).

WOOD, J. Jerry Collins died on the U. S. Hospital Ship "Mercy." The Navy Department furnished J. K. Collins, his father, hereafter called appellee, a list of his son's personal effects. Appellee instructed the Navy Department to forward by express his son's belongings to him at Ola, Arkansas. June 15, 1919, the agent of the American Railway Express Co., hereafter called appellant, attempted to deliver to appellee a bundle of clothing which it had received from Norfolk, Va. Upon examination of the package appellee became satisfied that it did not contain the property of his son. It did not contain all the items on the list of his son's property which had been sent the appellee by the Navy Department. Some of the items were marked "R. Collins." Appellee thought the package delivered weighed more than the weight given of the package containing his son's property. The Navy Department sent to the appellee a bill

of lading November 1, 1918. He turned the bill of lading over to the telegraph operator at Ola and requested him to trace the goods, which the operator afterward told him that he could not locate. Appellee made several inquiries of appellant's agent at Ola, and upon being unable to locate the goods appellee brought this action against the appellant August 12, 1919, to recover damages for the loss of the articles which he valued at the sum of $85. The bill of lading and the list of articles furnished appellee by the Navy Department were without objection introduced in evidence. Appellee testified to the items which were included in the list sent him by the Navy Department, and which were not contained in the package tendered him by the appellant. On cross-examination, appellee stated that he could not swear that the items claimed as missing had ever been delivered to appellant and that he could not swear that the items claimed by him were the items listed under the heading of personal effects on the blank furnished by the Navy Department; but he further stated on redirect examination that the list of his son's personal effects offered in evidence had been forwarded to him by the Navy Department through the mail. He could not swear that the appellant issued the bill of lading which was sent him.

The court instructed the jury, among other things, that the burden was upon the appellee to make out his case by a preponderance of the evidence and that unless the goods of appellee's son were delivered to the appellant it would not be liable. That if appellant tendered to appellee the goods that were delivered to it by the Navy Department for shipment to appellee the appellant would not be liable.

The appellant asked the court to instruct the jury to return a verdict in its favor. The court refused to grant appellant's prayer.

The jury returned a verdict in favor of the appellee in the sum of $55. From the judgment in that sum is this appeal.

Appellant contends that there is no testimony to show that the items listed by the Navy Department, which list was sent by the Navy Department through the mail to appellee, were ever delivered to the appellant; that there is no testimony to show that the package which appellant tendered to appellee was not the identical package which it received from the Navy Department for shipment to the appellee.

This contention of appellant is untenable. Although appellee was unable to identify the articles contained on the list sent by the Navy Department as the ones delivered by the Navy Department to appellant for shipment to the appellee, and although no other witness testified that they were the same articles delivered to appellant for shipment to the appellee, yet the jury were warranted in finding that such were the facts from the list sent by the Navy Department through the mail to the appellee and the direction given by the appellee to the Navy Department to ship the articles contained on the list to him and the further fact that the Navy Department sent in its letter to appellee the bill of lading showing that the Navy Department had delivered to appellant a package to be transported to the appellee. This fact made it an issue for the jury to say whether or not the Navy Department delivered to appellant the personal effects that belonged to appellee's son and whether appellant tendered to appellee this same package.

The court did not err in submitting this issue to the jury. Appellant does not complain that the issue was submitted under erroneous instructions. Appellant only contends that there was no substantial evidence to take that issue to the jury.

We are convinced that there was such evidence. The judgment is correct and, therefore, affirmed.